## BARRETT v. UNITED STATES FIDELITY & GUARANTY CO.

Circuit Court, Lake County.

April 4, 1957.

Walter Warren, Leesburg, for plaintiff.

Sanders, McEwan & Berson, Orlando, for defendant.

T. G. FUTCH, Circuit Judge.

This cause came on to be heard on defendant's motion to vacate and set aside final judgment, to stay execution, and for other relief.

Defendant's argument, as movant, appears to be based upon, and to question the sufficiency of the process, i.e., the summons issued by the clerk of the circuit court of Lake County.

Defendant is a foreign corporation doing business in this state, subject to service of process as provided by section 47.17, Florida Statutes 1955.

Process was served on one William Arnold, an agent of the defendant carrying the title "Adjuster", by the sheriff of Orange County in Orange County on February 13, 1957.

For some reason not disclosed by the motion, defendant did not give the cause of action any attention before filing its motion on March 22, 1957. Lack of notice or knowledge of the institution of the suit, within the time limit for filing pleas or defense, is not denied. It is not claimed or indicated by the motion or any of the exhibits attached thereto, that the summons as served on the adjuster was not brought to the attention of the proper officers, agents or managers of the defendant residing in this state and whose duty it was to take such action in connection with the suit as the circumstances warranted.

No defense of any kind having been filed by or in behalf of the defendant within the time allowed by the rules of procedure in this state, the clerk of the circuit court of Lake County, at plaintiff's request, entered default judgment against defendant on March 13, 1957 in accordance with our rules of procedure, and thereafter on March 15, 1957 final judgment was entered against defendant.

Defendant argues that service was void because it was made on William Arnold as "Adjuster" of the defendant. Defendant does not deny that Arnold was an agent of the corporation, but alleges that—"the said Arnold was not an agent of said defendant for the service of process."

Section 47.17 provides that process in actions like this against foreign corporations may be served—"(4) Upon any officer or business agent, resident in the state," not upon "an agent * * * for the service of process."

It is hard to imagine or think of any agent of an insurance company such as the defendant who transacts any more important business for the corporation than does an adjuster in settling and adjusting claims under policies issued by the defendant. If settling and adjusting claims against defendant which arise under its insurance policies and contracts is not business of the defendant and important business of the defendant, this court would like to be advised what the proper definition would be in such case.

The court finds no valid reason advanced by defendant for granting its motion or any part thereof and accordingly the motion in all respects must be denied. Order will be entered accordingly.